UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20855-CR-HOEVELER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NELSON MOREJON,

    Defendant.
_____/

## ORDER GRANTING MOTION TO EXCLUDE DEFENSE POLYGRAPH EVIDENCE

THIS CAUSE comes before the Court on the Government's motion to exclude the testimony of John Adams and any reference to the polygraph examination Mr. Adams administered to Defendant. The Court held an evidentiary hearing on October 14, 2008; at that hearing the Court heard argument from the parties, listened to testimony of Mr. Adams and testimony from the Government's proffered expert, Special Agent Paul Gillin, and admitted several exhibits in evidence. After review of this matter, the Court has determined that while there may be a basis for the admission of testimony based on polygraph examinations in certain circumstances, the facts before the Court do not indicate that admission is warranted in this case.

The Polygraph Report submitted by Defendant indicates that three relevant questions were asked of Defendant, but does not explain the methodology used to arrive at the conclusions contained in the Report. The Court has reviewed the list of

questions[1] submitted by Defendant in an exhibit entitled "Polygraph Test," but again it is unclear as to the methodology being followed. Mr. Adams testified that he follows the methodology developed by James A. Matte, whom the Government does not dispute as a leading figure in polygraphy science, but Mr. Adams' testimony revealed that he has modified certain aspects of Mr. Matte's test, the Quadri-Track Zone Comparison Technique. It may be that such modifications are not significant, but it is unclear from the testimony and evidence presented whether that is the case.[2] Indeed, Mr. Adams acknowledged that his unique developments in the field of polygraphy, including his modifications of Mr. Matte's techniques, have not been subjected to peer review and publication, nor have they gained general acceptance. The Court notes that Mr. Adams has extensive experience in administering polygraph examinations, and appears to have substantial knowledge in the field, but results of those tests apparently rarely – if ever – have been presented as evidence in a federal criminal trial.

As the Court does not find that the methodology used by Mr. Adams is

---

[1] The Government has charged Defendant with violations of 21 U.S.C. §841(a)(1) (conspiracy to possess with intent to distribute cocaine), 18 U.S.C. §1951(b)(1) and (b)(3) (planned theft of cocaine from drug traffickers), and two weapons-related offenses. The Government's case against Defendant apparently is far broader in scope than the subject matter of the three relevant questions posed during the polygraph examination. (For example, the relevant questions at the polygraph did not include a reference to weapons.) The Court finds that the "discrete and dubious nature of the questions as they relate to the allegations in the case" presents another basis for excluding this evidence. United States v. Evans, 469 F. Supp. 2d 1112 (M.D. Fla. 2006) (noting danger that the jury may be confused or mislead by polygraph results when questions are extremely limited in comparison to the crimes charged).

[2] For example, neither Mr. Adams nor Special Agent Gillin was persuasive, or even clear, as to the relative importance of the "numerical scoring" aspect of Mr. Matte's approach.

2

sufficiently scientifically supported to render his expert testimony admissible, the polygraph results are not admissible under Rules 702 and 703, Fed. R. Evid. Nor has the Defendant established any other basis for admissibility of this evidence, e.g., as corroboration evidence or for any other purpose under Rules 403, 608, or 704, Fed. R. Evid. Thus, the testimony of Mr. Adams, the polygraph examination and the resulting information from that examination, all are excluded.

DONE AND ORDERED in Chambers in Miami this 20th day of October, 2008.

WILLIAM M. HOEVELER
UNITED STATES DISTRICT COURT JUDGE